NO. 12-07-00056-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

NICKY
HAYDEN BOHANNON,    §          APPEAL FROM THE 173RD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          HENDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            This appeal is being dismissed for want of
jurisdiction.  Appellant was convicted of
the offense of manufacture of a controlled substance, and punishment was
imposed in open court on November 14, 2006. 
Thereafter, Appellant filed a motion for new trial on December 15,
2006.   

            The notice of appeal in a criminal case must be filed
within thirty days after sentence is imposed or suspended in open court.  Tex.
R. App. P. 26.2(a)(1).  When a
defendant timely files a motion for new trial, the notice of appeal must be
filed within ninety days after sentence is imposed or suspended in open
court.  Tex.
R. App. P. 26.2(a)(2).  To be
timely, a motion for new trial must be filed not later than thirty days after
the imposition or suspension of sentence. 
Tex. R. App. P. 21.4(a).  In this case, Appellant's motion for new
trial was filed 31 days after his sentence was imposed.  Therefore, his motion for new trial was
untimely and did not extend the time for filing his notice of appeal.  Consequently, Appellant’s notice of appeal
was due not later than December 14, 2006. 
See Tex. R. App. P.
26.2(a)(1).  However, Appellant filed his
notice of appeal on January 29, 2007. 








            Appellant’s January 29, 2007 notice of appeal is
untimely, which leaves us without jurisdiction over the appeal.  Furthermore, this Court has no authority to
allow the late filing of a notice of appeal except as provided by Rule
26.3.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519, 523 (Tex. Crim. App. 1996). 
Consequently, this appeal is dismissed for want of jurisdiction.


Opinion
delivered February 28, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)